UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRITTANY WILLIAMS,

    Plaintiff,

v.   CASE NO. 8:23-cv-2098-CEH-JSS

ROYAL DUTCH GAS STATION,

    Defendant.

_____/

**ORDER**

Before the Court are Plaintiff's "Motion to Reopen Case & Reconsider" (Doc. 4), which the Court construes as a motion to reconsider the order dismissing this case under 28 U.S.C. § 1915(g) (*see* Doc. 3), and "Motion to Pay Appeal" (Doc. 6) in which Plaintiff moves the Court to waive the appellate court filing fee and "serve" the appeal on Defendant.

**I. Motion to Reopen Case & Reconsider (Doc. 4)[1]**

---

[1] "As a general matter, the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal." *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003). However, the Court concludes that it retains jurisdiction to entertain Plaintiff's motion for reconsideration for two reasons. First, the motion falls within an exception to the general rule in which district courts may take action "in furtherance of the appeal." *Id.*, quoting *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 930 (5th Cir. 1976). In *Mahone*, the court held that a district court retains jurisdiction to "consider on the merits, and deny" a motion for reconsideration. *Id.* at 1179-80. To the extent the district court considers the merits of the motion and concludes it should be granted, it should issue an indicative ruling; the court lacks jurisdiction to *grant* a motion for reconsideration after the filing of a notice of appeal. *Id.* at 1180; *see* 11th Cir. R. 12.1-1(c)(1)-(2). Although *Mahone* involved a motion for

1

Plaintiff implicitly argues she meets the "imminent-danger" exception to § 1915(g) because she suffers from the human papillomavirus (HPV) which can cause cancer. But her argument has no merit because there is no nexus between the claims she seeks to pursue in this action and the imminent danger she alleges. *See, e.g., Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009) ("§ 1915(g) allows a three-strikes litigant to proceed IFP only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges."). Accordingly, Plaintiff provides no basis for the Court to reconsider the dismissal under § 1915(g).

---

reconsideration that was filed after a notice of appeal, some district courts have applied its rule to motions filed before the notice of appeal. *See*, *e.g.*, *Int'l Schools Svcs., Inc. v. AAUG Ins. Co., Ltd.*, No. 10-62115-CIV, 2010 WL 9004379, *2 n.2 (S.D. Fla. Dec. 30, 2010); *see also In re Application of Victoria, LLC*, No. 18-21202-MC, 2019 WL 8810208, *4-5 (S.D. Fla. Jan. 11, 2019) (ruling on objections that were filed before notice of appeal because doing so was in furtherance of the appeal).

The *Mahone* rule was codified in Federal Rule of Civil Procedure 62.1(a), which provides, "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may … (2) deny the motion; or (3) state…that it would grant the motion if the court of appeals remands for that purpose[.]" Fed. R. Civ. P. 62.1(a).

In the alternative, the Federal Rules of Appellate Procedure provide that some motions suspend a subsequently-filed notice of appeal for jurisdictional purposes—including a motion for reconsideration that is filed within 28 days of the entry of judgment, as Plaintiff's was. Fed. R. App. P. 4(a)(4)(A)(iv), (vi).  The Eleventh Circuit cited this rule in *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 745-46 (11th Cir. 2014), when holding that a district court retained jurisdiction to consider a motion for reconsideration despite the subsequent filing of a notice of appeal.

Accordingly, this Court has jurisdiction to consider the merits of Plaintiff's motion for reconsideration.

### II. Motion to Pay Appeal (Doc. 6)

The Court cannot waive the appellate filing fee. Plaintiff must either pay the fee or move to proceed *in forma pauperis*. To the extent the motion can be construed as a motion to proceed on appeal *in forma pauperis*, it is denied because Plaintiff is not eligible for *in forma pauperis* status under 28 U.S.C. § 1915(g). And because this case was dismissed, and Plaintiff's appeal is pending, there is nothing for this Court to serve. If Plaintiff seeks relief related to her pending appeal, she must file a motion with the Eleventh Circuit.

Accordingly, the "Motion to Reopen Case & Reconsider" (Doc. 4) and "Motion to Pay Appeal" (Doc. 6) are **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on November 15, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to: Clerk, 11th Circuit Court of Appeals
Plaintiff, *pro se*